| STATE OF SOUTH CAROLINA | ) | |
|---|---|---|
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |
| | | C.A. No.: 2013-CP-23-_02975_ |
| Neil Caesar and Courtney Kyle, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Walgreen Co., d/b/a | ) | |
| Walgreens Pharmacy #1252, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiffs, Neil Caesar and Courtney Kyle, complaining of the defendants would allege that:

1. The plaintiffs, who are husband and wife, are citizens and residents of Greenville County, South Carolina.

2. Defendant Walgreen Co. is a foreign corporation with its principal place of business in Deerfield, Illinois. It does business as Walgreens Pharmacy in numerous locations in South Carolina, including a location in Greenville, designated as Store #1252.

3. The plaintiffs are informed and believe that venue in this matter would therefore be appropriate in Greenville County, pursuant to § 15-7-30, *S.C. Code Ann. (2011, as amended)*.

4. The plaintiffs filed Notice of Intent to File Suit in this matter on December 7, 2012, with the documents required by statute. The matter was mediated April 8, 2013, and resulted in an impasse.

5. The plaintiffs allege that as to any negligent act or omission alleged in the complaint, no expert affidavit is required, as the defendant's alleged negligence is within the "common knowledge" exception contemplated by *S.C. Code Ann.* § 15-36-100 (2005).

6. Ms. Kyle and Mr. Caesar, determined after their marriage that they would be unable to conceive a child coitally, and therefore elected to attempt to become parents through *in vitro* fertilization (IVF) in 2010.

7. As a matter of routine, Ms. Kyle's thyroid stimulating hormone (TSH) levels were tested prior to the initiation of the IVF process. Her TSH levels were found to be high, which can lead to problems with conception.

8. Ms. Kyle's physician, Dr. Miller, prescribed 50 mcg levothyroxine in order to get Ms. Kyle's TSH level to an optimum number for conception.

9. Ms. Kyle initially filled her prescription at Walgreens Store #1252 in May of 2010. She refilled it on numerous occasions subsequently at this location.

10. Ms. Kyle was given a 150 mcg dosage of levothyroxine, which is three times the dosage prescribed by Dr. Miller. This same dosage was given to Ms. Kyle each month from May through August 2010.

11. Agents and servants of the defendant therefore misread the prescription, failed to confirm it or otherwise were negligent in their handling of Ms. Kyle's prescription, despite their duty to take reasonable steps to fill her prescription accurately.

12. Agents and servants of the defendant had multiple opportunities to correct their error, as Ms. Kyle refilled her prescription repeatedly over time at the same pharmacy.

13. Despite those opportunities, the defendant's agents and servants failed to correct their error, and did not correctly fill the prescription until their mistake was brought to their attention after a re-check of Ms. Kyle's blood chemistry.

14. Due to the extreme overdose of levothyroxine, Ms. Kyle's levels became markedly suppressed, dropping to a level of 0.006. Optimal levels for conception and implantation are between 1 and 2.

15. The overdose of levothyroxine given to Ms. Kyle by Walgreens Pharmacy led to the dramatic drop in her TSH levels.

16. Ms. Kyle underwent two efforts at *IVF*, one in May, 2010, and one in September, 2010, both of which efforts failed before the dosage error was discovered in September 2010.

17. Prior to his marriage to Ms. Kyle, Mr. Caesar had undergone medical treatment which rendered him physically incapable of providing genetic material for conception through normal means.

18. In order for Mr. Caesar to provide genetic material, he underwent a surgical procedure for the harvesting of sperm directly from his testicle.

19. By the time Walgreens Pharmacy's error in filling Ms. Kyle's prescription was discovered, Ms. Kyle and Mr. Caesar had made multiple attempts at *IVF*. Mr. Caesar's sperm supply had been exhausted and Mr. Caesar and Ms. Kyle had lost the opportunity to have a child with their genetic make-up.

### For a First Cause of Action—Personal injury as to Courtney Kyle

20. The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

21. As a proximate result of the defendant's failure to fill her prescription accurately, Ms. Kyle suffered damages for personal injury, included but not limited to:

   a. Extensive pain, mental anguish and discomfort;

   b. Inability to carry on her normal activities;

    c.    Medical costs associated with correction of her thyroid levels;

    d.    Temporary loss of her hair;

    e.    The other physical symptoms associated with hyperthyroidism;

    f.    The costs associated with failed *in vitro* fertilization;

    g.    Time and wages lost from her gainful employment; and,

    h.    Loss of enjoyment of life.

22.    Ms. Kyle is therefore informed and believes that she is entitled to judgment against the defendant for actual and punitive damages.

### For a Second Cause of Action—Personal Injury as to Neil Caesar

23.    The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

24.    As a proximate result of the defendant's failure to fill his wife's prescription accurately, Mr. Caesar suffered damages for personal injury, included but not limited to:

    a.    Extensive pain, mental anguish and discomfort;

    b.    The costs associated with failed *in vitro* fertilization;

    c.    The costs associated with surgical harvesting of his genetic material;

    d.    Time and wages lost from his gainful employment;

    e.    Otherwise unnecessary disfigurement and scarring; and,

    f.    Loss of enjoyment of life.

25.    Mr. Caesar is therefore informed and believes that he is entitled to judgment against the defendant for actual and punitive damages.

## For a Third Cause of Action—Both Plaintiffs

26. The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

27. The plaintiffs, as has already been alleged, were engaged in the process of *in vitro* fertilization at the time of the alleged negligent and reckless acts and omissions of the defendant's employees, who failed repeatedly to fill Ms. Kyle's prescription accurately.

28. The plaintiffs engaged in this process with the express purpose and goal of conceiving a child which was solely their genetic offspring.

29. As a proximate result of the defendant's failure to fill Ms. Kyle's prescription accurately, in addition to the monetary and other damages suffered by the plaintiffs, they have been frustrated in their desire to have a child who is solely "their" offspring.

30. As a result of that loss, both plaintiffs have suffered and will continue to suffer emotional loss in addition to the losses already alleged.

31. The plaintiffs are therefore informed and believe they are entitled to judgment for actual and punitive damages.

WHEREFORE, the plaintiffs pray for judgment for actual and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court deems just and proper.

MOONEYHAM BERRY & POPE, L.L.C.

_____
Joe Mooneyham, S.C. Bar No. 004041
Attorneys for the Plaintiff
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036  Fax 864.421.9060
joe@upstatetriallawyers.com

Greenville, South Carolina

May 21, 2013

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENVILLE ) | C.A. No.: 2013-CP-23-02975 |
| Neil Caesar and Courtney Kyle, ) | |
| ) | **JURY TRIAL DEMAND** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Walgreen Co., d/b/a ) | |
| Walgreens Pharmacy #1252, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 38(b) of the *South Carolina Rules of Civil Procedure*, the plaintiffs, by their undersigned attorney, demand a jury trial on all issues set forth in this cause

RESPECTFULLY SUBMITTED,

Mooneyham Berry & Pope, LLC

Joe Mooneyham, S.C. Bar ID 004041
Attorneys for the Plaintiff
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036  Fax 864.421.9060
joe@upstatetriallawyers.com

Greenville, South Carolina

May 21, 2013

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | |
| ) | CASE NO. 2013-CP-23-02975 |
| Neil Caesar and Courtney Kyle, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| Walgreen Co. d/b/a Walgreen Pharmacy #1252, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date, June 3, 2013, served a copy of the foregoing Summons, Complaint and Jury Trial Demand by mailing copies of same, postage prepaid, in the Certified US Mail Return Receipt Requested with sufficient postage affixed as follows:

**Prentice Hall Corporation, Registered Agent for**
**Walgreen Co. d/b/a Walgreen Pharmacy #1252**
**1703 Laurel Street**
**Columbia, South Carolina 29201**

_____
Lisa Gray,
Legal Assistant to Joe Mooneyham
MOONEYHAM BERRY & POPE, LLC
1225 S Church Street
Greenville, SC 29605
P: (864) 421-0036
F: (864) 421-9060

Greenville, SC

1



**MOONEYHAM**
**BERRY & POPE, L.L.C.**
Post Office Box 8359
Greenville, South Carolina 29604

CERTIFIED MAIL™

7012 0470 0001 8684 3049

US POSTAGE $ 06.51
First-Class
Mailed From 29605

*VIA CERTIFIED U.S MAIL*
Prentice Hall Corporation
1703 Laurel Street
Columbia, South Carolina 29201