IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Neil Caesar and Courtney Kyle, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 6:13-1842-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Walgreen Co., d/b/a | ) | |
| Walgreens Pharmacy #1252, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Walgreen Co.'s ("Walgreens") motion to dismiss Plaintiff Neil Caesar's cause of action for negligence and Plaintiffs Neil Caesar ("Caesar") and Courtney Kyle's ("Kyle") (collectively "Plaintiffs") joint cause of action for negligence pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review, the court denies Walgreens' motion.

According to the complaint, in 2010, Plaintiffs Caesar and Kyle, husband and wife, attempted to conceive a child through in vitro fertilization ("IVF"). (Compl. ¶ 6, ECF No. 1-1.) After Kyle's thyroid stimulating hormone ("TSH") levels were tested, she was prescribed 50 mcg of levothyroxine in order to lower her TSH levels to an optimum number for conception. (Id. ¶¶ 7-8, ECF No. 1-1.) Kyle filled her initial prescription and subsequent refills at Walgreens #1252, where she was provided with a dosage of 150 mcg of levothyroxine from May 2010 through August 2010. (Id. ¶¶ 9-10, ECF No. 1-1.) The excess dosage caused Kyle's TSH levels to drop to 0.006, below the optimal levels of 1 and 2 for conception and implantation. (Compl. ¶ 14, ECF No. 1-1.) Additionally, in order to provide genetic material for the IVF procedure,

1

Caesar "underwent a surgical procedure for the harvesting of sperm directly from his testicle." (Id. ¶ 18, ECF No. 1-1.) Following the unsuccessful IVF attempts, Caesar's "sperm supply had been exhausted," and Plaintiffs "lost the opportunity to have a child with their genetic make-up." (Id. ¶ 19, ECF No. 1-1.)

Plaintiffs filed their complaint on May 28, 2013 in the Court of Common Pleas for Greenville County, South Carolina. (Id., generally, ECF No. 1-1.) Walgreens removed the case to this court on July 3, 2013. (Not. of Removal, generally, ECF No. 1.) In the complaint, Kyle alleges a cause of action for negligence arising out of the improperly filled prescription. (Compl. ¶¶ 20-22, ECF No. 1-1.) Caesar also alleges a negligence action arising out of Walgreens' failure to properly fill Kyle's prescription. (Compl. ¶¶ 23-25, ECF No. 1-1.) Finally, Plaintiffs jointly allege a cause of action for negligence arising out of Walgreens' failure to properly fill Kyle's prescription for "frustrat[ion] in their desire to have a child who is solely 'their' offspring" and the emotional damages resulting from that loss. (Id. ¶¶ 26-31, ECF No. 1-1.) Walgreens answered Plaintiffs' complaint on July 3, 2013. On July 18, 2013, Walgreens moved to dismiss Caesar's individual negligence action and Plaintiffs' joint negligence action, arguing that the claims do not allege sufficient facts to state a claim upon which relief can be granted. (Def. Mot. Dismiss 1-2, ECF No. 8.) Plaintiffs filed their response on August 5, 2013, and Walgreens submitted its reply on August 14, 2013. This matter is now ripe for review.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the opposing party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests

2

surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In Plaintiffs' response to Walgreens' motion, each Plaintiff submitted an affidavit outlining additional facts not contained in the complaint. (Pls. Resp. Opp'n Mot. Dismiss Attach. 1 (Kyle Aff., ECF No. 9-1 ) & Attach. 2 (Caesar Aff., ECF No. 9-2).) The court cannot consider the affidavits at this stage without converting the motion to a motion for summary judgment. See Fed. R. Civ. P. 12(d); see also Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247, 251 (4th Cir. 1991) ("Had the district court accepted and *considered* the affidavits relevant to the 12(b)(6) motion, the motion to dismiss for failure to state a claim would have been converted to a motion for summary judgment."). The court declines to convert the instant motion to dismiss. Therefore, the motion to dismiss is denied without prejudice to reassert the same or similar arguments in a motion for summary judgment.

It is therefore

**ORDERED** that Walgreens' motion to dismiss, docket number 8, is denied.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
August 30, 2013